Chambersburg,
Thursday,
October 4.

JACOB STUDEBACKER and others *against* MOORE.

IN ERROR.

A judgment against three defendants, upon a submission to arbitration by one of them, is erroneous, and must be reversed as to all.

UPON error to the common pleas of *Bedford*, the case was thus:

The defendant in error brought an action against the three plaintiffs in error for killing his mare, to which they severally pleaded the general issue in *November* 1807. On the 4th of April 1808 he filed with the prothonotary a paper purporting to be signed by *Jacob Studebacker* and himself on the 2d of *March* 1808, and witnessed by *J. Todd*, agreeing to refer all matters in variance in the said cause, to certain referees; and upon the same paper there was a report in favour of *Moore* for 45 dollars damages, and costs of suit to be paid by the defendants. A copy of this report was served upon *Jacob Studebacker* on the 11th of *April*, and on the 4th of *June* the counsel of the plaintiffs in error filed two exceptions arising out of the face of the report—1. That it did not appear that the referees had been sworn agreeably to the act of 21st *March* 1806, nor that it had been dispensed with by the parties. 2. That the submission was by one of three defendants who had pleaded severally; and the report was against all. At *January* term 1809, the court were moved to strike off the entry of the report, upon the ground that the submission had not been duly proved by the subscribing witness; but the court refused the motion, overruled the exceptions to the report upon the ground that they had been filed too late, and gave judgment upon the report, on which execution issued against all the defendants.

*S. Riddle* and *J. Riddle* for the plaintiffs in error. This

judgment cannot be supported; it is in conformity neither with the act of assembly, nor with common law. The subscribing witness did not prove the agreement by his oath, according to the first section; the agreement was not made a rule of court, according to the second section, but the reference took place before the agreement was brought into court; and the third section has been violated in not administering an oath to the referees. *Act of* 21*st March* 1806, 7 *St. Laws* 558. At common law also the judgment is bad, because it is against three upon a submission by one.

*Todd* and *Dunlap* contra. No exception was taken that the subscribing witness did not prove the agreement, and *non constat* that he did not; but it was not necessary that he should, for the first section of the act applies only to controversies out of court, where no action is pending. Nor is it necessary that the agreement should be filed in the prothonotary's office and made a rule of court, before the referees act. The second section provides that the parties may *in vacation* consent to a rule of court; which shews that this act may be done, when no rule of court can be obtained, and that the material thing is the consent to the agreement's being made a rule of court, which may be done when the award is filed. The court were right in overruling the exception to the want of an oath by the referees, as well as the others, because they were not filed during twenty days after the award, which was made in term time. The legislature intended that an award should not be opened, after the time mentioned had gone by. If however the award is bad in consequence of its being founded upon a submission unauthorized by two of the defendants, at least the judgment is good against that defendant who submitted. The execution against all, we agree must be set aside.

In reply it was said, that the limitation of twenty days did not apply to exceptions appearing wholly on the face of the award. They might be taken at any time, in the same manner as to reports under the act of 1705. And that the judgment was erroneous even against the defendant who signed the submission, because the judgment was according to the award, and the award was that the money should be paid by the *defendants.*

STUDE-
BACKER
*v.*
MOORE.

TILGHMAN C. J. delivered judgment.

Many objections have been brought forward to the regularity of entering the submission to arbitration in this case, and to the award of the referees. The opinion of the court is founded upon a single point. It appears by the record that an action of trespass having been brought against three defendants, and one of them only having entered into an agreement to submit to arbitration, an award was made and judgment entered against all three. The court of Common Pleas refused to enter into any consideration of exceptions to the award, because they were not filed within twenty days, as prescribed by the act of assembly, and they then proceeded to give judgment on the award. This judgment cannot be supported, because it is given against two persons who never consented to submit their case to arbitration. As to these two persons the whole proceeding was void from the beginning. They severally pleaded not guilty, and put themselves on their country for trial. The court had no authority to give judgment against them, till they had been found guilty by a jury. We are therefore of opinion that the judgment is erroneous, and must be reversed.

Judgment reversed.